# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSChambers@mdd.uscourts.gov

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627



March 29, 2019

Vincent J. Piazza, Esq.
6716 Hartford Road
Baltimore, MD 21234

Benjamin B. Prevas, Esq.
Special Assistant United States Attorney
Social Security Administration, Ofc. Of
General Counsel
6401 Security Blvd., Room 617
Baltimore, MD 21235

Subject: *Myra C. v. Comm'r of Soc. Sec.*[1]
Civil No.: 1:17-cv-2931-GLS

Dear Counsel:

Pending before this Court are cross-motions for summary judgment (ECF Nos. 17, 18). The Court must uphold the Social Security Administration ("SSA" or "the Agency")'s decision if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2016); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Chater*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* Upon review of the pleadings and the record, the Court finds that no hearing is necessary. L.R. 105.6. For the reasons set forth below, I will deny the motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration.

## I. BACKGROUND

Plaintiff filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI") on February 25, 2014, alleging an onset of disability on July 10, 2013. (Tr. 211, 218). Plaintiff's application was denied initially (March 24, 2014), and upon reconsideration ( November 14, 2014), by the SSA. (Tr. 91-98). On January 5, 2015, Plaintiff requested a hearing, which was conducted on July 5, 2016 before an Administrative Law Judge ("ALJ"). (Tr. 11). At the hearing, Plaintiff amended her alleged onset date to December 31, 2014. (Tr. 11). On August 3, 2016, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 11-25). The

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

Appeals Council denied Plaintiff's request for review on August 20, 2017, making the ALJ's decision the final reviewable decision of the Agency. (Tr.1-5).

## II. ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

In deciding to deny Plaintiff's claim, the ALJ followed the five-step sequential evaluation process regarding disability, which is set forth in 20 C.F.R. §416.920. *See also Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ were as follows: step one, assessed whether Plaintiff had engaged in substantial gainful activity since the alleged disability onset date; step two, determined whether Plaintiff's impairments met the severity and durations requirements found in the regulations; step three, ascertained whether Plaintiff's medical impairment met or equaled an impairment listed in the regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1. ("the Listings"); step four, analyzed whether Plaintiff could perform her past work, given the limitations caused by her impairments; and at step five, analyzed whether Plaintiff could perform any work. (Tr. 31-40). Because the first three steps did not yield a conclusive determination, the ALJ also assessed Plaintiff's residual functional capacity ("RFC")—i.e., the "most the claimant 'c[ould] still do despite' physical and mental limitations that affect[ed] her ability to work"—by considering all of Plaintiff's medically determinable impairments, regardless of their severity. *See Mascio*, at 635 (quoting 20 C.F.R. § 416.945(a)(1)). Per *Mascio*, Plaintiff bore the burden of proof through the first four steps of the sequential evaluation process. Upon making the requisite showing, the burden shifted to the Agency at step five to prove that Plaintiff could perform other work that "exist[ed] in significant numbers in the national economy," in light of her "[RFC], age, education and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

Here, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine, sacroiliitis, facet arthropathy, osteoarthritis of the knees, carpal tunnel syndrome, depression, and anxiety. (Tr. 14). Despite these impairments, the ALJ determined that Plaintiff retained the RFC to:

> Perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can only occasionally stoop and crouch, but never kneel or crawl. She can occasionally climb stairs and ramps, but never ladders, ropes, or scaffolds. She can occasionally push and pull with the lower extremities. She is limited to simple, routine, repetitive work in an environment with few, if any, workplace changes and she can have occasional interaction with supervisors, coworkers, and incidental contact with the public, but not direct customer service. Beginning March 1, 2015, the claimant also needs a cane to ambulate.

(Tr.18). In addition, as explained more fully below in Section III, after evaluating the testimony of a vocational expert ("VE"), the ALJ found Plaintiff could perform several jobs existing in the national economy; therefore, Plaintiff was not disabled. (Tr. 24-25).

### III.    DISCUSSION

On appeal to this Court, Plaintiff asserts that the ALJ committed several prejudicial errors that warrant a remand: (a) the ALJ's RFC assessment does not comport with the Fourth Circuit's mandates in *Mascio v. Colvin,* 780 F.3d 632, 634-35 (4th Cir. 2015), because it fails to adequately account for Plaintiff's limitations in concentration, persistence and pace; (b) the ALJ did not address how Plaintiff's social functioning limitations affected her ability to respond to others on a sustained basis; (c) the ALJ improperly evaluated the medical opinion evidence; (d) the ALJ's RFC findings related to carpal tunnel syndrome and vision are not supported by substantial evidence; and (e) the ALJ erred by not evaluating the medical necessity of Plaintiff's use of a cane when standing. (ECF No. 17-1, pp. 10-25). The Agency has responded to each argument.

I find that remand is appropriate, as set forth immediately below.

First, Plaintiff contends that the ALJ erred by finding that Plaintiff had no more than moderate difficulties in concentration, persistence and pace. Specifically, Plaintiff claims that the ALJ so erred by: (a) ignoring evidence from Plaintiff's primary care provider, Dr. Jeffrey Shultz, that Plaintiff had difficulties with memory and concentration which caused her to be "off task" for at least 20% of each work day; and (b) finding that Plaintiff's treating therapist's act of not documenting Plaintiff's "decreased memory" meant that Plaintiff had no more than a moderate difficulty in concentration. (ECF No. 17-1, pp 11-12). According to the Plaintiff, then, by ignoring the treating providers' opinions, the ALJ "disregarded highly qualified medical sources in favor of her own non-medical opinion." *Id.* Second, Plaintiff asserts that the ALJ "failed to make an accurate and logical bridge" between Plaintiff's moderate limitations in concentration, persistence, and pace" and the RFC that the ALJ fashioned. Put another way, the ALJ did not adequately explain: (a) how Plaintiff's mental impairments only translated into a limitation of performing "simple routine repetitive tasks;" and (b) how such a limitation takes into account her ability to stay "on task" during an 8-hour day. (ECF No. 17-1, pp. 13-14).

Urging against remand, the SSA argues that a "plain reading" of the ALJ's decision, demonstrates that her findings on Plaintiff's moderate difficulties in concentration are "not due to limitations in Plaintiff's persistence or ability to maintain attention over time," and that said findings clearly "document[t] the connection between the basis for the ALJ's special technique finding and the RFC limitations assessed." (ECF No. 18-1, p.11).

In *Mascio v.* Colvin, the Fourth Circuit remanded *Mascio* for several reasons, including, the inadequacy of the ALJ's evaluation of the claimant's "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit held that an ALJ does not adequately account for a claimant's limitations in concentration, persistence, or pace by merely restricting hypothetical questions posed to the VE to simple, routine tasks or unskilled work. *Id.* at 638. The Fourth Circuit distinguished between a scenario where an individual is unable to perform simple tasks from another where the individual stays on task, finding that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* The Fourth Circuit remanded the case so that the ALJ could explain why the claimant's mental limitations did not did not translate into a limitation in the claimant's RFC. *Id.* To summarize, then, an ALJ who

3

finds that a claimant has moderate difficulties in concentration, persistence and pace must either: (a) include appropriate limitations in the RFC that account for these difficulties, or (b) explain why no such limitations are necessary.

It is necessary, then, to examine the ALJ's findings with regard to concentration, persistence, and pace.

Pursuant to 20 C.F.R. §404.1520a(c)(2), an ALJ can rate a claimant has having "moderate difficulties" by applying the following "special technique":

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

Next, the ALJ is to include the results in her RFC opinion, incorporating the "pertinent findings and conclusions based on the technique" and must show, as pertinent here, "the functional limitations that were considered in reaching a conclusion about the severity of mental impairments." 20 C.F.R. §404.1520a(c)(2). Moreover, the decision "must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section." 20 C.F.R. §404.1520a(c)(4).

In this case, the ALJ did assess Plaintiff's mental impairments using the "special technique," and found that she had moderate limitations in concentration, persistence, or pace. (Tr. 16). In particular, the ALJ noted:

> The claimant testified that she had difficulty with her memory and concentration and that at times she forgot things, such as her phone number. She also reported difficulty understanding or following instructions. Despite the claimant's allegations, other than noting the claimant had forgotten her appointment on one or two occasions, the claimant's counselor did not note any observed deficiencies in attention or concentration. Similarly, the claimant's primary care providers at Total Healthcare did not document any complaints or findings of decreased memory or concentration. As such, the claimant has no more than a moderate limitation in concentration, persistence, or pace.

(Tr. 16-17).

In addition, the hearing record shows that more than 9 hypotheticals were posed to the VE, including one that accounted for Plaintiff's characteristics, and another hypothetical that limited Plaintiff to "simple, routine, repetitive work." (Tr. 50-57). The VE testified that the hypothetical individual could not be "off task" for more than 20% of the workday (Tr. 57-58). The Plaintiff's attorney then asked the VE whether an individual's need to rest for 2 out of 8 hours in a work day

and inability to "maintain the mental alertness and concentration necessary to perform even simple job duties" made that person employable. The VE responded: "if a person is unable to perform even simple one and two-step tasks for a two-hour segment during a work day, they're generally unable to maintain competitive employment." (Tr. 58-59). However, the ALJ ultimately found that Plaintiff could perform several jobs existing in the national economy (e.g., assembler or grade sorter); therefore, Plaintiff was not disabled. (Tr. 24-25).

I agree that Mascio requires remand in this case for several reasons. First, the ALJ found that claimant testified that she had difficulty with her memory and concentration, was at times forgetful, and had difficulty following instructions. (Tr. 16-17). Later in the record, the ALJ also accorded "some weight" to the treating counselor's opinion that Plaintiff had some limitations in concentration, persistence and pace based on "infrequent documentation of forgetfulness," finding only this amount of weight appropriate because no "significant deficiencies in concentration, persistence and pace" were noted. (Tr. 22). However, the ALJ also held that Plaintiff's treating counselor and primary care providers did not note any complaints from Plaintiff of "decreased memory or concentration," nor did they note "any observed deficiencies in attention or concentration," but there were "one or two occasions" where Plaintiff forgot her appointments. (Tr. 16-17). And, the last sentence in the ALJ's concentration, persistence and pace assessment is that the Plaintiff had "no more than a moderate limitation in concentration, persistence or pace." *Id*. After so concluding, the ALJ imposed no specific concentration-related limitation in the RFC assessment, other than restricting Plaintiff to "simple, routine and repetitive work." (Tr. 18). Here, the ALJ did not explain how this restriction harmonizes the two opposing views that the ALJ expressed related to Plaintiff's concentration, persistence, and pace. Is the ALJ crediting or discrediting the treating providers' notes? Is the ALJ discrediting the Plaintiff's complaints? If so, how? The ALJ has not adequately explained which parts of the evidence she relies upon and how it translates into the RFC assessment. This runs afoul of *Mascio*. Moreover, the Fourth Circuit has recently held that "a proper RFC analysis has three components: (1) evidence; (2) logical explanation, and (3) conclusion. The second component, the ALJ's logical explanation, is just as important as the other two." *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019). *See also Petry v. Comm'r, Soc. Sec. Admin.,* No. 16-464, 2017 WL 680379, at *2 (D.Md. Feb. 21, 2017)(ALJ should build "an accurate and logical bridge from the evidence to his conclusion").

Second, I do not find that the ALJ adequately explained how she took into account the VE's hypothetical findings related to the Plaintiff being "off task" for more than 20% of the work day, and whether that limitation impacted Plaintiff's ability to sustain work during an 8-hour day. The VE testified that an individual "off task" more than 20% of the workday "outside of regularly scheduled work breaks," would be unable to maintain employment. (Tr. 58). While it is reasonable to infer that a claimant's "moderate limitations translate into a decrease in productivity," Sterling *v. Colvin*, No. 1:13-CV-01132-SEB, 2014 WL 4328682, at *2 (S.D. Ind. Aug. 29, 2014), the ALJ's decision does not address how someone with moderate difficulties in concentration, persistence, and pace can be productive for 80% of the workday. While it is true that "an ALJ is not tasked with 'the impossible burden of mentioning every piece of evidence' that may be placed into the administrative record," *McDaniel v. Astrue*, No. 1:09-CV-109, 2010 WL 3211050, at *6 (W.D.N.C. July 22, 2010)(quoting *Parks v. Sullivan*, 766 F.Supp. 627, 635 (N.D.Ill. 1991)), the ALJ must, nonetheless, "build an accurate and logical bridge between the limitations he finds and

5

the VE evidence relied upon to carry the Commissioner's burden at step five in finding that there are a significant number of jobs available to a claimant." *Brent v. Astrue*, 879 F.Supp. 2d 941, 953 (N.D. Ill. 2012). If the ALJ did not believe that Plaintiff's "no more than moderate limitations in concentration, persistence and pace" impacted her productivity during an 8-hour day, then she needed to articulate why: "[w]ithout such explanation, [her] decision is not supported by substantial evidence." *Sterling*, 2014 WL 4328682, at *3. Because this inadequate explanation frustrates meaningful review, remand is also appropriate on this basis.

Ultimately, then, I find that the ALJ's lack of a clear explanation prevents me from adequately reviewing her findings. Without further explanation, I cannot determine whether the ALJ does believe that the Plaintiff has "no more than moderate" difficulties in concentration, persistence, and pace, what the basis is for that belief, whether no further limitations in Plaintiff's RFC assessment are warranted.

In light of these inadequacies, I must remand the case for further explanation consistent with the Fourth Circuit's dictates in *Mascio.* On remand, the ALJ should provide a proper narrative of how the evidence supports her RFC determination, and build an accurate and logical bridge from the evidence to the conclusions.

Plaintiff also advances four other arguments. Because the case is being remanded on other grounds, I need not address them. On remand, the ALJ should review her explanation of Plaintiff's social functioning limitations and determine whether the RFC assessment fully accounts for these issues. In addition, the ALJ should examine her RFC analysis to determine whether it clearly defines the weight given to the medical opinion evidence, and also whether she treats similarly-rated acceptable medical evidence and non-acceptable evidence in the same manner in her RFC assessment. There should be a clearly-articulated, logical explanation that connects all evidence to the RFC assessment.

## IV. CONCLUSION

In remanding for additional analysis, I express no opinion as to whether the ALJ's finding that Plaintiff is not entitled to benefits is correct.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 17), is DENIED and Defendant's Motion for Summary Judgment, (ECF No. 18), is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

  Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

            Sincerely,

            _____/s/_____
            The Honorable Gina L. Simms
            United States Magistrate Judge